IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| J.P., ET AL., | ) CIVIL NO. 19-00668 DKW-WRP |
| | ) |
| Plaintiffs, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) PLAINTIFFS' UNOPPOSED |
| | ) MOTION TO APPROVE |
| PARADISE BOUND LLC, ET AL., | ) SETTLEMENT OF MINOR |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS'
UNOPPOSED MOTION TO APPROVE SETTLEMENT OF MINOR

Before the Court is Plaintiffs' Unopposed Motion to Approve Settlement of Minor (Motion). ECF No. 326. As indicated in its title, Defendants do not oppose the Motion. See ECF No. 326 at 3; ECF No. 327 ¶ 17. After consideration of the record in this action and the relevant legal authority, the Court RECOMMENDS that the District Court GRANT the Motion.

BACKGROUND

In this premises liability action, Plaintiff J.P., a minor, and her parents, bring claims related to a fall J.P. suffered from a sixth story window at a condominium in Kihei, Maui. See ECF No. 172. As a result of the fall, J.P. suffered a complete spinal cord injury at the T6 level and a brain injury. See id.

J.P. resides in Multnomah County, Oregon; the Multnomah County Circuit Court therefore appointed a conservator and individual counsel for J.P. See ECF No. 327-6.

Between May and August 2021, the parties engaged in extensive settlement negotiations facilitated by the Court and a private mediator. See ECF Nos. 197, 305, 321, 322, 326-1 at 4, see also ECF No. 327 ¶ 10. On August 13, 2021, a tentative settlement in principle was reached between the parties, subject to court approval. See ECF No. 324; ECF No. 326-1 at 4. The terms and conditions of the tentative settlement are set forth in the Confidential Settlement and Mutual Release Agreement. See ECF No. 327-1.

In the present Motion, Plaintiffs seek approval of the tentative settlement on behalf of J.P. See ECF No. 326. Because J.P.'s Next Friend, her father, is a settling plaintiff in this action receiving a portion of the global settlement, he has a financial conflict. See ECF No. 327 ¶ 12. The declaration of counsel submitted in support of the Motion thus confirms that, for all discussions concerning the settlement agreement and apportionment, J.P. was represented by her attorney and her conservator. Id. ¶ 15. The declaration further indicates that J.P.'s conservator and individual counsel "reviewed relevant materials, met with J.P. and her parents, and discussed relevant information with litigation counsel"

2

and the "conservator and individual counsel support the proposed settlement, and ultimately reached an apportionment to which they and the parents agree." Id. ¶ 12.

## DISCUSSION

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). The Court must consider whether the proposed settlement is fair and reasonable as to the minor and "should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to

3

safeguard." Robidoux, 638 F.3d at 1182.[1]

Based on its review of the Motion, the documents submitted in support of the Motion and the record in this action, and the Court's knowledge of the parties' settlement discussions, the Court finds that the settlement is fair, reasonable, and in the best interests of J.P. The parties reached a tentative settlement after the conclusion of discovery and through arms-length negotiations facilitated by the Court and a private mediator. The tentative settlement avoids the risks and expenses of a jury trial and possible delay from any potential appeals and, as to the apportionment of net proceeds to J.P., is designed to compensate J.P. for her damages and anticipated future needs. See, e.g., ECF Nos. 327-2, 327-3, 331-1.[2] Documents submitted in support of the Motion indicate that, if the District Court approves the settlement, J.P.'s Conservator will seek approval before the

---

[1] Although the Ninth Circuit limited its decision to "cases involving the settlement of a minor's federal claims," see id. at 1179 n.2, the parties do not suggest that a different standard would apply in this diversity action, which is governed substantively by state law.

[2] The Court notes that, in the declaration of counsel, the total amount listed in the settlement accounting as payable to clients does not equal the total of the agreed-upon apportioned amounts as to J.P. and her parents listed later in the declaration. Compare ECF No. 327 ¶ 14(c), with id. ¶ 15. The Court presumes that, as further indicated in counsel's declaration, any difference in these amounts will be among the "additional proceeds mentioned in ¶ 1[4], *supra*, [that] will be distributed to [J.P.'s] conservatorship." Id. ¶ 15. The Court therefore recommends approval based on this presumption that any additional sums listed as payable to clients will be apportioned only to J.P.'s conservatorship.

4

Multnomah County Circuit Court and seek to create and fund a trust for the benefit of J.P. See ECF No. 327-5 at 4.

In concluding that the settlement amount to be apportioned to J.P. is fair, reasonable, and in her best interests, the Court necessarily finds that reductions from the gross settlement amount are reasonable. See ECF No. 327 ¶ 14. For example, the Court finds the portion of the gross proceeds designated for attorneys' fees to be reasonable based on the fact that counsel are experienced personal injury lawyers who completed extensive fact and expert discovery during the nearly two years that this case has been pending.

The Court also finds that costs incurred by counsel, which include transcript and medical records costs, expert fees, consultant fees, copying and printing costs, mediation fees, and service and filing fees, were necessary and reasonable, particularly considering settlement occurred after nearly two years of discovery and after summary judgment briefing was filed. See ECF No. 327 ¶ 16. Counsel also indicate that a certain portion of the settlement funds will be retained for outstanding case expenses, but confirm that, to the extent any of these retained funds are not used to cover such expenses, they will be distributed to J.P.'s conservatorship. See id. ¶ 14.

## CONCLUSION

5

For the reasons stated herein, the Court FINDS that the proposed settlement is fair, reasonable, and in the best interests of J.P. and therefore RECOMMENDS that the District Court:

1) GRANT Plaintiff's Unopposed Motion to Approve Settlement of Minor;

2) AUTHORIZE the parties to execute the proposed confidential settlement agreement; and

3) DIRECT Plaintiffs and their counsel to notify the Court after the net proceeds of the settlement of the minor have, with approval of the Circuit Court for Multnomah County, Oregon, been placed into a conservatorship.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 24, 2021.



Wes Reber Porter
United States Magistrate Judge

**J.P., ET AL., v. PARADISE BOUND LLC, ET AL.; CIVIL NO. 19-00668 DKW-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' UNOPPOSED MOTION TO APPROVE SETTLEMENT OF MINOR**